UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TY EDWARD HODGE,

          Plaintiff(s),

   v.

CITY OF PORT TOWNSEND, et al.,

          Defendant(s).

CASE NO. C26-5118-KKE

ORDER DENYING PLAINTIFF'S MOTIONS

Plaintiff Ty Edward Hodge, representing himself, filed this action in Jefferson County Superior Court on January 28, 2026, bringing 42 U.S.C. § 1983 claims for violation of his First, Fourth, and Fifteenth Amendment rights against the City of Port Townsend and two Port Townsend Police officers. Dkt. No. 1-2. Hodge's complaint also requests declaratory relief. *Id*.

Defendants removed the case to this Court, filed an answer on February 17, 2026, and filed a motion for judgment on the pleadings on February 27, 2026, arguing that Hodge's claims are time-barred. Dkt. Nos. 1, 10, 15. Hodge filed a motion for leave to file an amended complaint on March 2, 2026, referencing new allegations and arguing that his claims accrued later than Defendants contend. Dkt. Nos. 17, 20, 22.

Under Federal Rule of Civil Procedure 15(a)(1), a "party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Here, Hodge sought to amend his complaint within 21 days after Defendants filed their answer, and therefore

ORDER DENYING PLAINTIFF'S MOTIONS - 1

could have simply filed an amended complaint without seeking leave. In any event, Hodge's motion is not accompanied by a proposed amended complaint highlighting the changes from the original complaint, as is required by the Local Rules of this district. *See* Local Rules W.D. Wash. LCR 15(a). Because Hodge's motion fails to comply with the Local Rules, the Court will deny it without prejudice to refiling a motion that complies with the Local Rules.

The Court will also deny Hodge's motion to consolidate this action with another matter pending in this Court, *Hodge v. City of Port Townsend*, No. 26-5186-GJL (W.D. Wash. 2026). Dkt. No. 21. Federal Rule of Civil Procedure 42(a)(2) authorizes the consolidation of cases that share "a common question of law or fact[.]" "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. Calif.*, 877 F.2d 777, 777 (9th Cir. 1989). "When deciding whether to consolidate, a court weighs the potential for increased efficiency against any inconvenience, delay, or expense consolidation would cause." *Does v. Boy Scouts of Am.*, No. 1:13-cv-00275-BLW, 2017 WL 5571572, at *1 (D. Idaho Nov. 20, 2017).

Here, the Court finds that consolidation at this time would lead to delay. Both cases have pending dispositive motions and Defendants in this case oppose consolidation. *See* Dkt. No. 21 at 4. The Court finds that judicial economy would be better served by resolving the threshold issues raised in the dispositive motions rather than consolidating.

For these reasons, the Court DENIES Hodge's motion for leave to amend the complaint (Dkt. No. 17) and DENIES Hodge's motion to consolidate (Dkt. No. 21).

Dated this 1st day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING PLAINTIFF'S MOTIONS - 2