UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TY EDWARD HODGE,<br><br>Plaintiff(s),<br>v.<br><br>CITY OF PORT TOWNSEND, et al.,<br><br>Defendant(s). | CASE NO. C26-5118-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

## I. BACKGROUND

Plaintiff Ty Edward Hodge, representing himself, filed this action in Jefferson County Superior Court on January 28, 2026, bringing 42 U.S.C. § 1983 claims for violation of his First, Fourth, and Fourteenth Amendment rights against the City of Port Townsend and two Port Townsend Police officers. Dkt. No. 1-2. Defendants removed the case to this Court on February 9, 2026. Dkt. No. 1. Plaintiff has since amended his complaint (Dkt. No. 26-1), and Defendants now move for judgment on the pleadings. Dkt. No. 31.

The operative complaint alleges that on December 6, 2022, Hodge parked his motorhome in Port Townsend, Washington. Dkt. No. 26-1 at 2. Hodge alleges that on that date, Port Townsend Police Officer Jason Greenspan encountered Hodge[1] and said something like "I'm

[1] Hodge alleges in briefing that Officer Greenspan instructed him to move his motorhome at this time and issued a citation. Dkt. No. 35 at 3.

going to look for anything I can get him on." *Id.* Port Townsend Police Officer Patrick Fudally returned to visit Hodge on December 27, 2022. *Id.* That day, Hodge was arrested on a charge of third-degree theft and detained one night before being released on his own recognizance. *Id.* The charge was dismissed on April 19, 2023. *Id.*

Hodge sued the City of Port Townsend and Officers Greenspan and Fudally, contending that Greenspan's December 6 comment evinces retaliatory intent to prosecute him in violation of the First Amendment, and that the officers unlawfully arrested Hodge without probable cause and maliciously prosecuted him in violation of the Fourth Amendment. Dkt. No. 26-1 at 3. Hodge also contends that the City is liable because the officers' conduct reflects the City's policy, custom, ratification, or deliberate indifference. *Id.* at 4.

Defendants filed a motion for judgment on the pleadings, contending that Hodge's claims are time-barred because he did not file suit within three years of his arrest. Dkt. No. 31. This motion is now ripe for the Court's resolution.

## II. ANALYSIS

### A. Legal Standards

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Granting a judgment on the pleadings is proper when, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). "Because a Rule 12(c) motion is 'functionally identical' to a Rule 12(b)(6) motion, 'the same standard of review applies to motions brought under either rule.'" *Id.* (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court examines the complaint to determine whether, if the facts

alleged are true, plaintiff has stated "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Section 1983 does not contain its own statute of limitations." *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019) (quoting *Butler v. Nat'l Comm. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014)). Because Section 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations (and any applicable tolling provisions) for personal injury actions in Section 1983 suits. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions."); *Lockett v. County of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020) ("Federal courts borrow from state law to determine any applicable statute of limitations for § 1983 claims, including tolling provisions."). In Washington, the applicable statute of limitations is three years. *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citing WASH. REV. CODE § 4.16.080).

Litigants representing themselves "must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Colbert v. Borg*, 967 F.2d 585, at *1 (9th Cir. June 19, 1992) (quoting *Noll v. Carlson*, 802 F.2d 1446, 1448 (9th Cir. 1987)).

**B. Some of Plaintiff's Claims are Time-Barred.**

Defendants contend that Hodge's claims are time-barred because they were filed more than three years after he was arrested. Dkt. No. 31. Hodge disputes that his claims accrued in December 2022, contending that proceedings stemming from his interaction with the Defendant officers continued beyond December 2022 and his "resulting injury [was] not fully developed at the time

the citation was issued."[2] Dkt. No. 35 at 3. Thus, Hodge argues that his claims did not accrue in December 2022 and are not time-barred. *Id*. at 3–4.

Hodge is mistaken, with respect to his claims for unlawful seizure or retaliatory arrest.[3] Because those claims challenge Hodge's December 2022 arrest, the statute of limitations began running on those claims in December 2022 and expired in December 2025, before Hodge filed this action. *See Wesbrock v. Ledford*, 464 F. Supp. 3d 1094, 1098 (D. Ariz. 2020). To the extent that Hodge's municipal liability claim against the City of Port Townsend arises from his December 2022 arrest, it is likewise time-barred. *See Lockett*, 977 F.3d at 741–42 (explaining that when a *Monell* claim is based upon the conduct of the individual officers, claims against the municipality and officers accrue and are tolled together).

Hodge's malicious prosecution claim, however, did not accrue until his theft charge was dismissed in April 2023. *McDonough v. Smith*, 588 U.S. 109, 114 (2019). Because the charge was dismissed less than three years before Hodge filed suit, this claim is not time-barred. And although Defendants contend that law enforcement officers cannot be liable for malicious prosecution claims because prosecutors make charging decisions (Dkt. No. 31 at 4), "[m]alicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). It is possible, as Defendants suggest (Dkt. No. 31 at 5), that there was probable cause for Hodge's arrest, which would be a complete defense to the malicious

[2] Again, Hodge's complaint does not describe a citation, although his opposition brief elaborates on the facts of his interaction with the Defendant officers. Dkt. No. 35. This order focuses only on the facts alleged in the operative complaint, for purposes of resolving the Rule 12(c) motion.

[3] The nature of the retaliation is also unclear from the face of the operative complaint. Although Hodge suggests that he was arrested in retaliation for protected conduct, the only conduct Hodge describes in the complaint is parking his motorhome. Dkt. No. 26-1 at 2. Parking is not a constitutionally protected expressive activity. In any event, pleading additional facts about Hodge's conduct in December 2022 would not cure the threshold statute of limitations problem with this claim.

prosecution claim, but this cannot be determined from the face of Hodge's complaint.[4] Accordingly, this issue may not be resolved on a Rule 12(c) motion and Hodge's malicious prosecution claim, construed liberally as a *pro se* pleading, withstands Defendants' motion for judgment on the pleadings.

## III. CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion for judgment on the pleadings. Dkt. No. 31. The Court GRANTS the motion with prejudice and without leave to amend as to Plaintiff's First Amendment and unlawful seizure claims, and as to the *Monell* claim to the extent it arises from Plaintiff's December 2022 arrest. The Court DENIES the motion as to Plaintiff's malicious prosecution claim (and the *Monell* claim to the extent that it is based on malicious prosecution). The courtroom deputy is directed to issue an order setting early case deadlines.

Dated this 28th day of September, 2026.

Kymberly K. Evanson
United States District Judge

[4] Defendants' reply brief also raises new arguments in favor of dismissing Hodge's claims for the first time (Dkt. No. 36), but the Court will not consider those in this context. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").